UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHINO ANTONIO MOORE, JR.,

   Petitioner,

 v.             Case No. 10-C-258

WILLIAM POLLARD,

   Respondent.

## ORDER

  On March 26, 2010, Chino Moore filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of felony murder while attempting to commit armed robbery as a party to a crime and was sentenced to 17 years imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

  I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Moore provides two grounds in support of his petition. First, he claims that his guilty plea was not knowingly, intelligently and voluntarily made. "Due process requires that a guilty plea, to be valid, be made voluntarily, intelligently and knowingly." *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) (citing *Brady v. United States*, 397 U.S. 742, 747 (1970); *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993)). Further, a plea is not voluntary "in the sense that it constituted an intelligent admission that he committed the offense unless respondent received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). Moore claims that he was on psychotropic medications and suicide watch at the time he entered his plea, but the trial court did not inquire into his mental fitness. The "Plea Questionnaire/Waiver of Rights" form attached to the petition indicates that although Moore claimed he was not receiving treatment for a mental illness or disorder, he was scheduled to see a psychiatrist at the jail. (Pet. Ex. 5.)

Moore also faults the trial court for not explaining the elements of the offense of conviction, as he claims that the court did not make it clear what it was to attempt an armed robbery or be a party to a crime. In a decision attached to the petition, the Wisconsin Court of Appeals rejected this argument on direct appeal, as the appellate court observed that the record did not support Moore's contention that his plea was invalid. *State v. Moore*, No. 2008AP901-CR, ¶¶ 6-9, (Feb. 19, 2009). While Moore may face an uphill battle in showing that the state courts handled his motion to withdraw his plea in a manner contrary to or involving an unreasonable application of federal law, *see* 28 U.S.C. § 2254(d), without the benefit of the transcript I cannot conclude that Moore is not entitled to habeas relief. Accordingly, Moore will be permitted to proceed on his claim that his guilty plea was not knowingly, intelligently and voluntarily made.

2

Moore also claims that the trial court erred when it denied his repeated requests for substitution of counsel, as Moore asserts that a conflict of interest existed between him and his counsel. Moore claims that he twice requested that his counsel withdraw from the case, but the trial court denied his requests. On the day Moore entered his guilty plea, his counsel filed a motion to withdraw due to counsel's concern that he was conflicted given Moore's accusations that counsel was ineffective. According to the petition, the trial court did not address the motion but allowed Moore to enter his guilty plea. The Sixth Amendment guarantees defendants in criminal proceedings the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). If a defendant and his counsel are unable to communicate, counsel's ability to provide effective assistance is jeopardized. *State v. Jones*, 2007 WI App 248, ¶ 13, 306 Wis. 2d 340, 742 N.W.2d 341. The state appellate court concluded that Moore waived his right to challenge the trial court's denial of his counsel's motion to withdraw, and that Moore and his counsel communicated freely at the time Moore entered his plea. A guilty plea operates as a waiver of all non-jurisdictional defect. *United States v. Silvious*, 512 F.3d 364, 372 (7th Cir. 2008) (citing *United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004)). Of course, if Moore prevails in his claim that his guilty plea was not voluntarily made, he did not waive his claim that the trial court should have granted the motion to substitute counsel. Thus, Moore will also be permitted to proceed on this claim.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's

answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   30th   day of April, 2010.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge