UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHINO ANTONIO MOORE, JR.,

        Petitioner,

v.                                                  Case No. 10-C-258

WILLIAM POLLARD,

        Respondent.

**ORDER**

On March 26, 2010, Chino Moore filed a habeas petition pursuant to 28 U.S.C. § 2254, asserting, among other things, that his guilty plea was not knowingly, intelligently and voluntarily made because he was on psychotropic medications and suicide watch at the time he entered his plea. Moore did not raise this claim during his state court appeals process. On July 7, 2010, Moore filed a motion to stay proceedings in his pending habeas case while he returns to state court to exhaust his remedies on this claim. The Respondent opposes Moore's requested stay (Dkt. 17) and argues that Moore has shown neither "good cause" nor "sufficient reason" for failing to exhaust his state court remedies prior to filing his habeas petition.

Moore's habeas petition provided no reason why he did not raise this new claim during his state appeals process. In response to Moore's habeas petition, Respondent noted Moore's failure to exhaust and argued that Moore had waived the claim. Only then did Moore allege that his postconviction counsel was ineffective by not raising this claim on direct appeal. (Dkt. 12, ¶¶ 6-9.) Moore's allegation conveniently positions him to avoid Respondent's waiver argument. *See State*

*ex rel. Rothering v. McCaughtry,* 205 Wis.2d 675, FN 5, 556 N.W.2d 136 (Wis. Ct. App. 1996) (noting that "[c]laims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel are means to circumvent a waiver").

Respondent's position is that Moore forfeited this claim by not raising it as part of his direct appeal. Respondent also argues that Moore has not shown "sufficient reason" for his failure to assert his claim in state court. *State v. Escalona-Naranjo,* 185 Wis.2d 168, 173, 517 N.W.2d 157 (1994) (in order to obtain collateral postconviction relief on a claim, prisoner must first show "sufficient reason" for his failure to raise that same claim on direct appeal).

Moore has asserted his new claim without any supporting facts or evidence. The record, however, is not totally absent any evidence of a mental health concern. The "Plea Questionnaire/Waiver of Rights" form attached to Moore's habeas petition indicates that although Moore claimed he was not receiving treatment for a mental illness or disorder, he was scheduled to see a psychiatrist at the jail. (Pet. Ex. 5.) While this form may support Moore's new claim—a future appointment with a psychiatrist likely relates to a potential mental health concern—it does not support the key issue at hand, namely Moore's failure to raise this argument previously.

For that point Moore relies on his new contention that his postconviction counsel was ineffective. Moore should have raised this issue at the state trial court level. In *State v. Knight,* 18 Wis. 2d 509, 520, 484 N.W.2d 540 (Wis. 1992), the Wisconsin Supreme Court held that a prisoner claiming his appellate attorney was ineffective must file a state habeas petition with the court of appeals that heard the appeal (not with the trial court that heard the initial case). But appellate counsel and postconviction counsel perform different roles in different courts. A *Knight* petition is not the proper vehicle for seeking redress of the alleged deficiencies of postconviction counsel. *State ex rel. Rothering v. McCaughtry,* 205 Wis.2d 675, 679, 556 N.W.2d 136, (Wis. Ct.

App.1996). A claim of ineffective assistance of postconviction counsel should be raised in the trial court. Here, Moore argues that his habeas petition should be stayed while he seeks withdrawal of his guilty plea in Milwaukee County Circuit Court. In the state trial court Moore intends to argue his postconviction counsel was ineffective by not including a claim that trial counsel was ineffective for not addressing the effects of psychotropic medications prior to Moore's guilty plea.

This Court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy,* 455 U.S. 509 (1982). Staying a habeas petition is only proper if petitioner's failure to exhaust his claims in state court was based on "good cause." *Rhines v. Weber,* 544 U.S. 269, 271 (2005). In Rhines the Supreme Court noted:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 276-277 (internal citations omitted). Here, while I am reluctant to order a stay given this record, I cannot conclude that Moore's new claim is necessarily meritless. Moore's argument that he did not exhaust his state court remedies because his postconviction counsel was ineffective may satisfy the "good cause" standard. Out of an abundance of caution I will stay Moore's habeas petition and allow him to exhaust his state court remedies on that claim.

**THEREFORE IT IS ORDERED** that Moore's habeas petition is **stayed** and this case shall be administratively closed.

**IT IS FURTHER ORDERED** that this stay is expressly conditioned condition on Moore pursuing state court remedies within 30 days after the date of this order and on Moore returning to this Court within 30 days after state court exhaustion is completed. Alternatively, Moore could notify this Court within 30 days of his intention to dismiss his postconviction counsel claim and proceed on the remainder of his habeas petition.

Dated this     28th     day of October, 2010.

                                              s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge