UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHINO ANTONIO MOORE, JR.,

    Plaintiff,

  v.                                       Case No. 10-C-258

MICHAEL BAENEN,

    Defendant.

**DECISION AND ORDER DENYING
PETITION FOR HABEAS CORPUS**

      Petitioner Chino Antonio Moore, Jr., is currently serving a 25-year state sentence at Green Bay Correctional Institution for felony murder committed during an attempted armed robbery. Moore filed this action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on March 26, 2010. His petition asserted three grounds for relief: (1) his guilty plea was not knowingly, intelligently, and voluntarily made because he was on psychotropic medications at the time he entered his plea; (2) his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court did not adequately explain the elements of the offense to him; and (3) the trial court erred when it denied his repeated requests for substitution of counsel. Initially, in response to the allegation that Moore had not raised the first claim in state court and it was therefore procedurally defaulted, Moore asserted that his failure to do so was the result of ineffective assistance of post conviction or appellate counsel. He therefore requested his petition be stayed so that he could pursue the issue in state court. The court granted Moore's request, and the action was stayed. However, the court's order also stated:

> [T]his stay is expressly conditioned condition on Moore pursuing state court remedies within 30 days after the date of this order and on Moore returning to this Court within 30 days after state court exhaustion is completed. Alternatively, Moore could notify this Court within 30 days of his intention to dismiss his postconviction counsel claim and proceed on the remainder of his habeas petition.

(ECF No. 18.)

On July 24, 2012, Respondent advised the court that in the eighteen-month period since the stay was ordered, Moore had still not filed a motion in state court asserting the unexhausted ineffective assistance of counsel claim. On July 25, 2012, Moore was ordered to notify the court whether he agreed to dismiss his unexhausted claim and proceed on the remaining two claims in his petition. The court warned Moore that in the event he did not choose to dismiss the unexhausted claim, the entire petition would likely be dismissed as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) ("[A] district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."). Moore responded that he no longer believed that he had failed to exhaust his state court remedies as to any of his claims and did not intend to dismiss any. At that point, the court set a schedule for the parties to submit their briefs setting forth their arguments in support of their respective positions. After some delay, Moore filed his brief on January 7, 2013, and Respondent filed a brief in opposition on March 21, 2013. For the reasons that follow, Moore's petition will be denied and the action dismissed.

**I. Impact Of Mental State On Plea**

"A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Thus, "a petitioner in federal court must first

exhaust his state remedies by fairly presenting his claims through one full round of state-court review." *Gray v. Hardy*, 598 F.3d 324, 327 (7th Cir. 2010) (citing 28 U.S.C. § 2254(b)(1) and *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Where a state prisoner seeks federal relief under 28 U.S.C. § 2254 without first exhausting his state court remedies, his petition must be dismissed. Moreover, this exhaustion requirement applies to each claim the petition contains. Unless the petitioner has exhausted his state court remedies as to each of his claims, the entire petition must be dismissed. *Rose*, 455 U.S. at 522.

In addition to claims as to which the petitioner has not exhausted state court remedies, federal habeas review is also unavailable if a state court's adjudication of a claim rests on an adequate and independent state procedural ground rather than the merits of the claim. *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir.2008). Procedural default under state court rules can constitute an adequate and independent state ground that will preclude federal review. *Franklin v. Gilmore*, 188 F.3d 877, 881-82 (7th Cir.1999). However, procedural default may be excused if the petitioner can show both cause for and prejudice from the default, or show that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *Dretke*, 541 U.S. at 393; *Gonzales v. Mize*, 565 F.3d 373, 381 (7th Cir.2009).

Here, it appears that Moore has procedurally defaulted his claim that his plea was involuntary due to his mental impairment and the medication he was taking. This claim is factually distinct from his claim that his plea was not intelligently made because he was not adequately apprised of the elements of the crime to which he entered his plea. Moore was therefore required to first offer the state court a full and fair opportunity to consider it before he could obtain federal review. He clearly failed to do so, and it is too late for him to do so now. *See State v. Escalona–Naranjo*, 185 Wis.2d 168, 185, 517 N.W.2d 157 (1994) (stating that absent a "sufficient

3

reason" defendants must raise all issues for review on a single direct appeal). Although the court provided Moore with an opportunity to return to state court and attempt to raise the issue in the form of a claim of ineffective assistance of counsel, he failed to do so. It thus appears that whatever state court remedies may have existed are now unavailable.

As noted above, despite the procedural default, the court could nevertheless consider the claim if Moore could demonstrate cause for and prejudice from the default, or show that the court's failure to consider the claim would result in a fundamental miscarriage of justice. Moore has made no showing as to either. He has failed to show cause for his failure to raise the issue in state court, nor has he shown that prejudice or a miscarriage of justice flows from not considering the claim. In truth, given the record that was made at the plea hearing, it seems clear Moore could not prevail on this claim even if he had not procedurally defaulted it. For these reasons, the claim will be dismissed, and the court will proceed to address his remaining claims.

**II. The Remaining Claims**

The remaining claims in Moore's petition are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376-77 (2000). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

4

### A. Elements of Offense

Moor claims that his plea was involuntary because the trial judge failed to advise him of the elements of the crime. This allegation clearly states a federal claim. The Supreme Court has held that "[a] guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." *Id.* (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). Thus, if the Wisconsin court's decision is contrary to or constitutes an unreasonable application of this principle, Moore is entitled to relief. Clearly, it is neither.

In affirming the judgment of conviction and the ordering denying Moore's motion for post conviction relief, the Wisconsin Court of Appeals applied the same principles set forth in *Brady* and *Bradshaw*. The court carefully considered the record of the plea hearing and concluded that Moore was fully informed of the elements of the crime to which he entered his plea of guilty. The Court of Appeals noted, and the record reflects, that Moore's attorney explained that he had given Moore a copy of the Wisconsin jury instructions for felony murder and accomplice liability, as well as an instruction that gave an example of how homicide can be a natural and probable consequence of a robbery. Counsel stated he had gone over the instructions and example and discussed them with his client before the hearing. (ECF No. 15, Tab 8, Plea Hr'g Tr. 4:19-25.) He then wrote the elements of the offense on the plea questionnaire that his client signed in court. Moore acknowledged that he had gone over the plea questionnaire and the waiver of rights form with his attorney. (*Id*. 5:13-25.)

5

The trial court then explained that Moore was charged with attempted armed robbery, and that the death of the victim was caused by the attempt to commit that armed robbery. The court asked Moore if he understood the felony murder instruction, and he answered "yes." The court then explained the elements of armed robbery and the district attorney confirmed that Moore and his attorney had discussed the attempt and aider and abettor instruction as well. (*Id.* 7:10-9:4,13:1-12.) The prosecutor then explained the state's theory of the case as reflected in the complaint, stating:

> the defendant [Moore] was an aider and abettor and that he aided Cameron Johnson in the armed robbery of Warren Douglas and that Cameron Johnson was the person that fired the fatal shots into — the fatal shot into Warren Douglas, but that this defendant aided Cameron Johnson by being there as a lookout, luring Warren Douglas to that scene knowing that Cameron Johnson was going to do an armed robbery and that he uttered words, a signal for Cameron Johnson to come upon Warren Douglas in order to rob him and that he then observed Cameron Johnson shoot Warren Douglas.

(*Id.* 13:13-24.) Moore's attorney agreed that the prosecutor's statement of facts was correct and then explained to the court that his client's greatest difficulty in the case was coming to an understanding that he could be held accountable even though he was not the shooter. It was for that reason, counsel explained, that he furnished Moore with copies of the instructions that described how a homicide can be the natural and probable consequence of an armed robbery – "to try to get him to understand that even though he was not directly involved, was not the shooter, by acting as the aider and abettor, acting as a look-out and furnishing the weapon, he could be responsible." (*Id.* 14:5-11.). Counsel then quoted from Moore's statement to the police wherein he explained that he never wanted Douglas to be shot or killed, but just to rob him of his marijuana. (*Id*. 15:1-3.) Moore stated he agreed with the facts recited by the attorneys, and the trial court accepted his plea.

The decision of the court of appeals affirming the trial court's decision was not contrary to or an unreasonable application of clearly established federal law. The court concluded from its review of the plea colloquy that Moore understood the elements of the offense. This determination

6

is not unreasonable in the light of the evidence presented. It therefore follows that Moore is not entitled to relief on this claim.

### B. Right To Effective Representation

Moore also claims that the trial court denied his right to effective representation by denying requests for substitution of counsel and his attorney's motion for withdrawal. At one point, Moore's attorney admitted that "he was not acting in Moore's interests, but instead was acting to protect himself from claims of ineffective assistance of counsel." (ECF No. 11, Ex. E, at 6.) Moore argues that given this admission, as well as his own difficulties with his attorney, the trial court erred in denying his motion for a new attorney. The court of appeals rejected Moore's argument for two reasons: (1) that Moore waived his right to challenge the court's orders denying the motions for substitution of counsel by pleading guilty; and (2) the plea colloquy shows that despite some difficulty communicating, counsel was able to effectively communicate with Moore. The court's decision is not contrary to or an unreasonable application of clearly established federal law.

The Supreme Court has held in *Strickland v. Washington*, that the Sixth Amendment guarantees not only the right to counsel, but also the effective assistance of counsel. 466 U.S. 668, 686 (1984). The Court also established the well-known two-pronged test for showing a violation of this right. To prevail on such a claim, a defendant must demonstrate that (1) his counsel's performance was deficient; and, (2) that deficiency resulted in prejudice. 466 U.S. at 687. Here, Moore has failed to allege any facts that would support a claim of ineffective assistance of counsel. There is no allegation that his attorney's performance was deficient or that he suffered prejudice as a result of such deficiency. Instead, his claim is that he and his attorney were not getting along and the trial court erred in not appointing substitute counsel.

The court of appeals handling of the issue was consistent with federal law. Moore's

7

difficulty with his lawyer seemed to flow from the fact that his lawyer wasn't telling him what he wanted to hear. Moore apparently wanted his attorney to tell him that because he was not the shooter, he could not be found guilty of the murder. But that's not the law, and an attorney's job is to tell his client what the law is. While Moore may have wanted a different attorney, he has identified no error or deficiency his attorney made that would amount to ineffective assistance of counsel. Despite his attorney's provocative way of saying it, avoiding claims of ineffective assistance of counsel was not against Moore's own interests. It is another way of saying that his attorney was trying to provide effective representation. As the court of appeals noted, despite their difficulties, Moore and his attorney were able to effectively communicate with each other as the plea hearing demonstrated. Accordingly, this claim also fails.

In sum, Moore procedurally defaulted in state court on his claim that his mental condition on the morning of his plea precluded him from entering a knowing and voluntary plea of guilty and so is not entitled to federal review of that claim. His remaining claims were resolved against him by the state court, and the disposition of those claims by the Wisconsin Court of Appeals is neither contrary to, nor an unreasonable application of clearly established federal law. His petition must therefore be denied and the action dismissed.

**SO ORDERED** this 28th day of May, 2013.

/s William C. Griesbach
Wlliam C. Griesbach, Chief Judge
United States District Court

8

Case 1:10-cv-00258-WCG   Filed 05/28/13   Page 8 of 8   Document 29